996 F.2d 1237
 29 U.S.P.Q.2d 1397
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ALTECH CONTROLS CORPORATION, Plaintiff-Appellant,
v.
PTL CONTROLS, INC., and James A. Searcy, Defendants-Appellees.
 No. 92-1345.
 United States Court of Appeals, Federal Circuit.
 May 27, 1993.
Rehearing Denied July 9, 1993.
 
 Before NIES, Chief Judge, LOURIE and SCHALL, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Altech Controls Corporation appeals from the decision of the District Court for the Eastern District of Missouri, which held that PTL Controls, Inc. and James A. Searcy (collectively PTL) did not infringe claims 1, 3, 5, and 7 of U.S. Patent 4,537,038 and that the '038 patent is invalid. Altech Controls Corp. v. PTL Controls, Inc., No. 86-8 C (2) (E.D.Mo. Mar. 31, 1992). We affirm-in-part, vacate-in-part, and remand.
 
 DISCUSSION
 
 2
 Altech is the exclusive licensee of the '038 patent, which relates to a method and apparatus for controlling refrigerant pressure in a single compressor refrigeration system. Altech alleged that PTL's TDC-369 controller infringed claims 1, 3, 5, and 7 of the '038 patent.[1] PTL counterclaimed that the patent was invalid on the basis of anticipation under 35 U.S.C. § 102(a) (1988) or obviousness under 35 U.S.C. § 103 (1988), or alternatively, that with respect to the claimed invention, there had been a violation of the on sale bar of 35 U.S.C. § 102(b) (1988).
 
 
 3
 Without making specific findings of fact, the district court granted judgment for PTL on the grounds that all the claims of the '038 patent were invalid under section 102(b) and that they were not infringed. The court stated that
 
 
 4
 the functioning of the TDC-369 is encompassed by a broad reading of the claims of the '038 patent but is not identical to the disclosed invention.... [T]he [c]ourt also finds that the claims are so broad that they can be read to encompass almost any controller with a time delay. Thus, while [Altech] has shown that the claims of the patent could be read to encompass the alleged infringing device, it has not met its burden of proving infringement by a preponderance of the evidence.
 
 
 5
 Slip op. at 19-20. The court held the patent invalid on the basis that the claimed invention was on sale[2] more than one year before the patent application was filed, stating that "[c]ontrollers which functioned on single compressor units in a manner encompassed by the '038 patent were manufactured and sold more than one year prior to April 30, 1982." Id. at 20. These prior art controllers included Altech's 1980 SSPC-1 unit and a Hussmann controller designed for a multiple compressor system. The court found that neither the 1980 SSPC-1 nor the Hussmann controller was identical to the '038 invention, but that the similarities were sufficient to show "prior activity." Id. at 23.
 
 
 6
 Altech first asserts that the district court erred in concluding that the entire '038 patent was invalid. We agree. Since Altech only asserted infringement of claims 1, 3, 5, and 7, and the evidence of record is inadequate to indicate the existence of a case or controversy regarding claims 2, 4, or 6, we vacate that part of the district court's judgment invalidating the nonasserted claims. See Jervis B. Webb Co. v. Southern Sys., Inc., 742 F.2d 1388, 1399, 222 USPQ 943, 950 (Fed.Cir.1984).
 
 
 7
 Altech also argues that the trial court erred in failing to separately construe the scope of each asserted claim, limitation by limitation, and then apply the claim to the accused device or to the prior art, element by element, in order to determine infringement and validity. Altech asserts that "[c]laims 1 and 3 require that the compressor is always turned on each time the suction pressure reaches the cut-in pressure limit. That is, no time delay."
 
 
 8
 Claim construction is an issue of law, which we review de novo. ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1578, 6 USPQ2d 1557, 1559 (Fed.Cir.1988). However, claim construction may depend on underlying questions of fact. Palumbo v. Don-Joy Co., 762 F.2d 969, 974, 226 USPQ 5, 8 (Fed.Cir.1985). To ascertain the meaning of claims, a trial court must consider the language of the claims, the specification, and the prosecution history. Loctite Corp. v. Ultraseal, Ltd. 781 F.2d 861, 867, 228 USPQ 90, 93 (Fed.Cir.1985). Claims should be construed consistently for the purposes of validity and infringement. See W.L. Gore & Assocs., Inc. v. Garlock, Inc., 842 F.2d 1275, 1279, 6 USPQ2d 1277, 1280 (Fed.Cir.1988).
 
 
 9
 The court described the claimed invention as a controller for a compressor having "a delay at some point in the compressor cycle." Slip op. at 21. Although the specification refers to embodiments of the claimed invention having both turn-on and turn-off time delays, the asserted claims recite only a turn-off delay. The court must have read claims 1, 3, 5, and 7, which recite a turn-off time delay, to permit, even though they do not require, a turn-on time delay. The language of claim 1, "applying a compressor turn-on signal to the compressor in response to exceeding said upper limit of said operating pressure range," and of claim 3, "means for generating a compressor turn-on signal in response to exceeding said upper limit of said operating pressure range," thus must have been construed to allow a turn-on time delay.
 
 
 10
 This construction is justified when the asserted claims are analyzed in light of the dependent claims, which add a turn-on time delay. Claims 2, 4, and 6 recite the additional limitations of "establishing a selected turn-on delay time period" and "preventing the application of said turn-on signal to the compressor for said turn-on delay time period." Thus, although the dependent claims require both turn-on and turn-off time delays, the independent claims require only a turn-off time delay and may or may not have a turn-on delay. The independent claims expressly recite the application or generation of a turn-on signal in response to pressure, whereas the actual turning on of the compressor also may, but not necessarily, be affected by a time delay. We note that the specification refers to embodiments of controllers having turn-on and turn-off time delays and those having only a turn-off time delay. Although the court did not expressly and clearly construe the claims in this manner, its decision and brief analysis support this interpretation, which we have concluded is correct.
 
 
 11
 "Section 102(b) may create a bar to patentability either alone, if the device placed on sale is an anticipation of the later claimed invention or, in conjunction with 35 U.S.C. § 103 (1988), if the claimed invention would have been obvious from the on-sale device in conjunction with the prior art." LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n, 958 F.2d 1066, 1071, 22 USPQ2d 1025, 1028 (Fed.Cir.1992). In finding claims 1 and 3 invalid under section 102(b), the district court did not clearly apply these claims to the prior art. However, the court recited a portion of the installation manual for the 1980 SSPC-1 device, which states that the compressor turns on
 
 
 12
 when the actual pressure exceeds an adjustable cut in setting if the [turn on] time delay ... has expired.... Also the SSPC will shut off the compressor when the suction pressure falls below the cut out setting provided the cut out [time] delay has expired....
 
 
 13
 Slip op. at 7-8. Altech does not dispute this evidence and indeed argues that the presence of the time delay in the prior art device is exactly what precludes a finding of anticipation of claims 1 and 3.
 
 
 14
 Altech argues that the compressor covered by the claims must be turned on immediately each time the upper cut-in pressure is reached, that claims 1 and 3 do not permit a turn-on time delay, and the 1980 SSPC-1 cannot anticipate those claims because it has a turn-on time delay. Since Altech has hinged its appeal with respect to claims 1 and 3 upon a claim interpretation that is erroneous, and Altech has failed to point to any limitation of either claim 1 or 3, as properly construed, which is absent from the 1980 SSPC-1, we have no choice but to affirm the district court's holding of invalidity. Altech has failed to point to any reversible error in the district court's judgment with respect to invalidity of claims 1 and 3 under section 102(b).
 
 
 15
 Altech also asserts that the district court disregarded the additional limitation of claims 5 and 7, which adds an averaging step. We agree. Each claim contains several limitations, including an averaging step limitation, and the district court failed to discuss this limitation in its analysis invalidating these claims under section 102(b). Accordingly, we conclude that the court erred in holding claims 5 and 7 invalid under section 102(b) and we vacate and remand for application of the claims to the prior art. Specifically, the court should determine if the averaging step limitation of the claims in issue is met by the 1980 SSPC-1 or the Hussman controller, or if the claimed invention would have been obvious.
 
 
 16
 We also agree with Altech that the court improperly determined that the claims were not infringed. See Moeller v. Ionetics, Inc., 794 F.2d 653, 656, 229 USPQ 992, 994 (Fed.Cir.1986) (improper claim construction can distort entire infringement analysis). Liability for infringement requires that an accused device contain every limitation of a claim or its substantial equivalent. Lemelson v. United States, 752 F.2d 1538, 1551, 224 USPQ 526, 533 (Fed.Cir.1985). In finding no infringement, the district court stated that "the functioning" of the accused device is "encompassed" by a broad reading of the claims, but failed to apply the claims to the accused device, limitation by limitation. The court's statement that "while plaintiff has shown that the claims of the patent could be read to encompass the alleged infringing device, it has not met its burden of proving infringement," slip op. at 20, is contradictory. Its statement in the context of its infringement analysis that "the claims are so broad that they can be read to encompass almost any controller with a time delay," id., confuses validity with infringement.
 
 
 17
 In determining whether claims 5 and 7 were infringed, the court on remand should determine whether each limitation of the properly-construed claims is met by the accused device. See ZMI Corp., 844 F.2d at 1578, 6 USPQ2d at 1559. If this test is met, the claims have been infringed. The court's reference to embodiments of the patent as being infringed illustrates the error in not determining infringement by applying claims to a device. We therefore vacate the finding of infringement and remand to the district court for a determination whether PTL's TDC-369 infringes claims 5 and 7.
 
 
 18
 Each party to bear its own costs.
 
 
 
 [1]
 Claims 1 and 3 read as follows:
 
 
 [1]
 A method of controlling the system refrigerant pressure in a single compressor refrigeration system, comprising the steps of
 establishing a selected period functionally related to the compressor on-off cycle,
 establishing an operating suction pressure range, detecting the suction pressure in the system for determining when upper and lower limits of said operating pressure range have been exceeded,
 applying a compressor turn-on signal to the compressor in response to exceeding said upper limit of said operating pressure range,
 operating the compressor in the system in response to applying said turn-on signal,
 determining when said lower limit of said operating pressure range has been exceeded for generating a compressor turn-off signal, and
 preventing the application of said turn-off signal to the compressor only if said established selected period has not elapsed[.]
 
 
 [3]
 Apparatus for controlling the system refrigerant pressure in a single refrigeration compressor system, comprising
 timing means for establishing a selected time period functionally related to the compressor on-off cycle,
 means for establishing and detecting an operating suction pressure range in the system for determining when upper and lower limits of said operating pressure range have been exceeded,
 means for generating a compressor turn-on signal in response to exceeding said upper limit of said operating pressure range,
 means for generating a compressor turn-off signal in response to exceeding said lower limit of said operating pressure range, and
 control means receiving said compressor turn-on and turn-off signals and cooperating with said timing means for applying said turn-on signal to said compressor when said upper limit of said operating pressure range has been exceeded, and preventing the application of said turn-off signal to the compressor only if said established time period has not elapsed.
 (Emphasis added).
 
 
 [2]
 Because the court found invalidity under the on sale bar of section 102(b), the court did not address whether the claimed invention was otherwise anticipated or would have been obvious in view of the prior art